# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:17-cr-0035 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| KIRTLEY HODGE | : | Magistrate Judge King |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court for consideration of Defendant Kirtley L. Hodge's Motion for Review and Amendment of Magistrate Judge King's January 30, 2017 **Order of Detention Pending Trial** (Doc. 8), which recommends that this Court detain Hodge through his trial without bail. Upon independent review by this Court, and for the reasons set forth below, Hodge's motion is **DENIED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Order of Detention Pending Trial**.

## I. BACKGROUND

On January 30, 2017, Hodge appeared before Magistrate Judge King for a preliminary examination and detention hearing. At the close of the hearing, Magistrate Judge King determined that there was probable cause to believe that Hodge committed the crimes described in the criminal complaint, and ordered Hodge to be detained without bond pending further proceedings.

Hodge was indicted on February 9, 2017, on four counts. (*See* Doc. 15.) Count one alleges that on or about January 12, 2017, Hodge conspired to distribute and possess with intent

1

to distribute narcotics. (*See id*.) Count two alleges that on or about January 24, 2017, Hodge knowingly possessed with the intent to distribute narcotics. (*See id*.) Counts three and four allege that on or about January 24, 2017, Hodge knowingly possessed multiple firearms despite having been convicted of multiple crimes punishable by imprisonment for a term exceeding one year. (*See id*.) This Court arraigned Hodge on February 10, 2017, and Hodge remains in custody.

Hodge filed his Motion for Review and Amendment of a Detention Order on February 1, 2017. (Doc. 10.) Hodge argues that: (1) the pretrial services report recommended that Hodge be released on a personal recognizance bond; and (2) the Government presented little evidence that Hodge either presented a danger to the community or that release would not reasonably assure his appearance in court as required. (*See id*.) In light of these arguments, Hodge contends that house arrest or GPS monitoring would assure the public's safety while securing his appearance for trial. (*See id*.)

In its response, the Government argues that there is no basis for overturning Magistrate Judge King's decision. (*See* Doc. 11.) The Government contends that drug trafficking related crimes are, by their very nature, a danger to the community. (*See id.* at 2-3.) Further, the Government argues that because Hodge was observed fleeing police and remained a fugitive for two days, it is not unlikely that, if released, Hodge will attempt a similar escape to avoid his trial. (*See id*. at 3.)

## II. STANDARD OF REVIEW

The majority standard of review across the circuits is a *de novo* review of the detention order by the magistrate judge. *See United States v. Gonzales*, 149 F.3d 1192 (10th Cir. 1998) (affirming judgment of district court that employed *de novo* standard of review); *United States v.*

*Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) ("A defendant ordered detained by a magistrate may seek *de novo* review in the district court."); *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985) ("[W]e follow suit and require that our district courts undertake de novo review of the pretrial detention determinations of the magistrates."). The Sixth Circuit has not directly addressed the question of the proper standard of review under these circumstances, but in *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985), the court found that the district court below "not[ed] that a clearly erroneous standard of review of the magistrate's decision was probably correct, . . . [but] held a *de novo* hearing on the detention order." *See id*. The *Hazime* court did not mandate a particular standard of review for the district court, but it also did not disturb the process used by the lower court. With a lack of precise direction from the Sixth Circuit and with the national trend leaning towards *de novo* review, this Court will review the magistrate's order *de novo*.

18 U.S.C. § 3142 governs pretrial release and provides that a defendant shall be released pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and community safety. *See* 18 U.S.C. § 3142(b). The judicial officer must determine that no set of conditions can be fashioned to control the risk of flight or danger before ordering the defendant detained. *See id.* § 3142(e). The government bears the burden of proving that the defendant should be detained. *See id.* § 3142(b).

Most relevant to this case is the rebuttable presumption contained in 18 U.S.C. § 3142(e) that such conditions to control the risk of flight and ensure public safety cannot be found for defendants charged with serious drug and firearm offenses. Even if the defendant produces evidence to rebut this presumption, the presumption remains as a factor to guide the judicial officer's decision. *E.g.*, *Hurtado*, 779 F.2d at 1467; *United States v. Diaz*, 777 F.2d 1236, 1238

3

(7th Cir. 1985). Thus, the presumption does not relieve the government of the ultimate burden of proof, *United States v. Martir*, 782 F.2d 1141 (2d Cir. 1986), but represents the belief of Congress that in most such cases there is an increased risk of flight and/or danger, specifically danger that the defendant will promptly return to drug trafficking. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985).

Factors to be considered in this evaluation are set forth in 18 U.S.C. § 3142(g). Factors relating to the charges against the defendant are treated in 18 U.S.C. § 3142(g)(1) and (2). These include the nature of the offense, the surrounding circumstances, and the weight of the evidence against the defendant. Section 3142(g)(1) specifically notes the importance of whether the offense involves a firearm or a narcotic drug. Section 3142(g)(3) concerns the defendant's history and characteristics. Relevant features under § 3142(g)(3)(A) include the person's character, health, family ties, employment, financial status, length of residence in the community, history of alcohol or drug abuse or criminal activity, and record of appearances for court proceedings. Section 3142(g)(3)(B) concerns whether the defendant was involved in any capacity with the criminal justice system at the time of the offense or arrest. Section 3142(g)(4) concerns the risk of danger to the community and the suitability of any collateral that the defendant would offer to secure a bond.

### III. ANALYSIS

With respect to the dangerousness of the offense charged, the Court finds that because the offense involves both illegally possessed firearms and narcotics, the danger to the public's safety is extremely high. While Hodge contends that "there is no evidence [the weapons] were ever used," that is hardly relevant, even if it is true. Hodge's prior convictions, although remote, prevent him from possessing a firearm, and that weighs heavily against his pretrial release.

4

Further, the 250 grams of cocaine found at Hodge's residence provides evidence that Hodge was engaged in the distribution of cocaine, and this supports the conclusion that he poses a serious risk of continuing to distribute narcotics should he be released pending trial.

The weight against Hodge regarding this dangerous offense in the forthcoming trial is strong. Officers found multiple firearms in the residence that is listed as belonging to Hodge on the Franklin County Auditor's website and at which U.S. mail and other paperwork confirming that this residence was Hodge's was found.

The primary objection made by Hodge is that the pretrial services report recommends his release. This same report, however, notes that Hodge generates income of $2,000 per month, owns a car with a net worth of approximately $25,000, and owns his home worth about $40,000. Even construed in a light most favorable to Hodge, this Court agrees with Magistrate Judge King that his employment history and property of record does not explain the $70,000 taken from Hodge's home during the execution of the search warrant. The Court agrees with the Government that the report further corroborates Hodge's role in drug trafficking, and thus further confirms his potential danger to society should he be released prior to trial.

With respect to risk of flight, the Court finds Hodge's argument unconvincing. Hodge has his closest familial ties to people who reside outside of the United States in the British Virgin Islands, and while he may no longer own a passport, his attempt to flee from his arrest and remain a fugitive weighs against him and lends credence to the theory that he is a flight risk for trial.

Thus, under *de novo* review, this Court finds that detention is necessary to assure Hodge's appearance at trial and to assure the safety of other persons and the community.

## IV.  CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** Magistrate Judge King's **Order of Detention Pending Trial** (Doc. 8), thereby **DENYING** Hodge's motion.  (Doc. 10.)

   **IT IS SO ORDERED.**

                                                          _/s/ Algenon L. Marbley_
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:  May 1, 2017**