IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. CR2-17-035 |
| vs. | : | JUDGE MARBLEY |
| KIRTLEY L. HODGE, | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on Defendant Kirtley L. Hodge's motion to reconsider this Court's May 1, 2017 detention order. (Doc. 25.) For the reasons set forth below, Hodge's motion is **DENIED**. However, the Court **ORDERS** Hodge transferred to the Delaware County Jail.

On January 24, 2017, a criminal complaint was filed charging Hodge with possession with intent to distribute cocaine and being a felon in possession of a firearm. (Doc. 1.) After a hearing, Magistrate Judge King ordered Hodge detained pending trial. (*See* Doc. 8.) Judge King determined that Hodge should be detained pending trial due to the rebuttable presumption in favor of pretrial detention that arises if there is probable cause to believe that the defendant committed an offense with a maximum prison term of ten years or more, and after analyzing the factors set forth in 18 U.S.C. § 3142(g). (*See id.* at 2–3.) This Court accepted and affirmed Judge King's order on May 1, 2017, after reviewing the § 3142(g) factors de novo, and finding detention necessary to assure Hodge's appearance at trial and to ensure the safety of other persons and the community. (*See* Doc. 24 at 4–5.)

1

Hodge now asks the Court to reconsider its order, citing a "myriad of health issues" that the Franklin County Jail is purportedly failing to address. Hodge suffers from diabetes, high blood pressure, and kidney disease. (Doc. 25 at 2.) According to Hodge, the Jail is unwilling to accommodate his dietary restrictions, and, despite regular visits with the staff physician, Hodge has been hospitalized several times due to his low potassium levels. (*See id.* at 2–3.) Hodge fears that the Jail's "indifference" to his medical needs will cause him to experience complete renal failure, and therefore asks to be released under house arrest with electronic monitoring. (*Id.* at 3.)

The Government opposes Hodge's motion, noting that overcoming a detention order on the basis of medical needs should be "an extremely rare and difficult proposition." (Doc. 26 at 1.) Upon receiving Hodge's motion, the Government contacted the U.S. Marshals Service, which is aware of Hodge's medical condition, and specifically addressed Hodge's concerns. (*See id.* at 2–3.) According to the Government, Hodge has made only two medical requests during his incarceration, both of which were granted. (*See id.* at 3.) Further, at some point during his time in custody, Hodge was refusing medication. (*Id.*) Finally, the Government notes that Hodge is provided regular access to the Jail staff physician and also has appointments with a specialist. (*Id.*) For these reasons, the Government argues, the Court "lacks the overwhelming and unique nature of medical necessity to undo the existing Order of detention." (*Id.*)

The Court agrees. While not indifferent to the severity of Hodge's medical condition, the Court notes that Hodge's medical issues do not affect its analysis of the § 3142(g) factors, and the fact that Hodge remains potentially dangerous to the community and is a flight risk. However, to ensure that Hodge's medical issues are properly addressed, and because the

Government has expressed willingness to allow Hodge to be transferred to an alternative location (*see id.* at 3), the Court orders Hodge transferred to the Delaware County Jail.

For all of these reasons, Hodge's motion to reconsider is **DENIED**, but the Court **ORDERS** Hodge transferred to the Delaware County Jail.

**IT IS SO ORDERED.**

                                        ALGENON L. MARBLEY
                                        UNITED STATES DISTRICT JUDGE

**Dated: July 11, 2017**