IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIRTLEY L. HODGE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:17-cr-00035

JUDGE ALGENON L. MARBLEY

Magistrate Judge Jolson

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Petitioner Kirtley L. Hodge's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. (Doc. 48.) Hodge pled guilty to One Count of Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 27.) Hodge now alleges he received ineffective assistance of counsel because prior to entering his guilty plea, counsel failed to ask the Court to make specific findings on the record regarding the drug quantity underlying his offense. For the reasons set forth below, the Court **DENIES** Petitioner's Motion [#48].

### II. STANDARD OF REVIEW

28 U.S.C. § 2255 provides a mechanism by which prisoners in federal custody can raise collateral attacks on their sentences. 28 U.S.C. § 2255(a). Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing, determine the issues, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). If the Court finds

1

that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the Court shall vacate and set the judgment aside. *Id.* The Court also shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. *Id.*

### III. LAW & ANALYSIS

A defendant who pleads guilty to a felony charge has a federal right to the assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). This right includes "the right to effective assistance of counsel." *Id.* When a criminal defendant "complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Further, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. Importantly, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

Petitioner argues that he received ineffective assistance of counsel because prior to entering his guilty plea, counsel failed to ask the Court to make specific findings on the record regarding the drug quantity underlying his conviction. The Court finds that Petitioner's claim lacks merit.

In *Alleyne v. United States*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. 99, 103. The Sixth Circuit, however, has explained that "when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a

plea, simultaneously waiving his Sixth Amendment right to a jury trial," the requirements of *Alleyne* are not implicated. *See United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013).

Here, Petitioner knowingly and voluntarily entered a plea of guilty to the crime of Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine. He thus stipulated that his crime involved five kilograms or more of an illicit drug. Moreover, Petitioner acknowledged that the statement of facts in his Plea Agreement was true and correct. That Agreement, in relevant part, reads:

1. On January 13, 17, and 19, and again on January 20, 2017, Postal Inspectors seized parcels mailed from Puerto Rico to addresses in Columbus, OH with the zip code of 43211. Each parcel was found to contain cocaine as subsequently confirmed by field testing, with an aggregate total of approximately 6 kilograms of cocaine.

2. On January 19, 2017, Postal Inspectors received information from a subpoena for internet records which showed the subscriber at 2067 Republic Ave., Columbus, OH 43211 tracked all before mentioned parcels through Postal business tools. 2067 Republic Avenue is Kirtley Hodge's home address.

. . . .

5. The search of 2067 Republic Ave revealed multiple guns, including two Glock 27 .40 caliber handguns and an AK-47 style rifle which bears the markings: WASR-10 Cal. 7.62x39mm, ROMARM/CUGIR, ROMANIA, CAI GEORGIA, VT. Each firearm travelled via interstate commerce. Approximately 15 grams of cocaine was found and field tested positive for cocaine. An additional white, powdery substance totaling approximately 100 grams believed to be a cutting agent, was also found. U.S. Currency totaling approximately $70,850 from two boxes located in a safe, a money counter, boxes of ammunition, and multiple shipping documents were also found during the search. Multiple receipts for J.P. Morgan Chase Bank were found, as well a handwritten document with multiple addresses, including "1106 E. 18th", which was the address on a previously mentioned parcel intercepted by Postal Inspectors.

(Doc. 27 at 7.) These facts were also read on the record in Petitioner's presence. Again, Petitioner confirmed their accuracy. (Doc. 46 at 17.)

In addition, Petitioner's counsel, Steven S. Nolder, provided a statement attesting to Petitioner's involvement in this crime:

3

> On August 2, 2017, Hodge proffered with two Postal Inspectors and AUSAs Kelley and Grey. During this proffer, Hodge explained his role in tracking the four packages containing seven kilograms of cocaine that were intercepted in January 2017 as well as what he was tasked to do with the packages when they were delivered; and
>
> Because Hodge freely admitted the relevant conduct in this case was more than five kilograms: in his written plea agreement, at his guilty plea while he was under oath, during his presentence report interview, and at his proffer, this was not a fact that was in dispute and in need of a "particularized finding," as he alleges in his affidavit.

(Doc. 58-1 at 2.)

The record makes clear that Petitioner, on multiple occasions, acknowledged that his crime involved more than five kilograms of cocaine. Hence, counsel's representation did not fall below an objective standard of reasonableness when he failed to ask the Court to make specific findings regarding the drug quantity attributable to Petitioner's role in the conspiracy. Moreover, Petitioner's admissions undercut any potential prejudice for this inaction. *Strickland*, 466 U.S. at 694 (To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Finally, to the extent Petitioner contends that counsel failed inform him that he could challenge the drug quantity in his plea agreement, this argument fails for two reasons. First, Petitioner voluntarily admitted the facts establishing that his crime involved five or more kilograms of cocaine. Second, Petitioner concedes that counsel told him he could take his case to trial if he did not want to accept the Government's plea offer. (*See* Doc. 59 at 7.) Petitioner chose to forego his right to a jury trial.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Petitioner's Motion to Vacate Sentence [#48]. Because the Court finds that Petitioner's claim lacks any arguable basis in the law, the Court also **DECLINES** to certify that an appeal of this Opinion and Order would be taken in good

faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IT IS SO ORDERED.**

                                           /s/ Algenon L. Marbley
                                           **ALGENON L. MARBLEY**
                                           **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 8, 2019**