IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:17-cr-35 |
| | : | |
| **Plaintiff,** | : | **Judge Algenon L. Marbley** |
| | : | |
| v. | : | |
| | : | |
| KIRTLEY L. HODGE, | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Kirtley L. Hodge's *pro se* Motion for Early

Termination of Supervised Release.  (ECF No. 80).  The Government does not oppose this Motion.

(ECF No. 81).  For the following reasons, Mr. Hodge's Motion is **GRANTED**.

**I.    BACKGROUND**

On July 7, 2017, Defendant Kirtley L. Hodge pleaded guilty to one count of Conspiracy to

Possess with Intent to Distribute Five Kilograms or more of Cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and 846.  (ECF No. 27).  He was also charged with two counts of being a Felon in

Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (ECF No. 15).  The

firearm counts were dismissed at sentencing.  (ECF No. 42).  On December 1, 2017, Mr. Hodge

was sentenced to a 120-month term of imprisonment followed by a five-year term of supervised

release.  (*Id.*).  Mr. Hodge was held at the Federal Medical Center Devens in Ayer, Massachusetts.

Subsequently, Mr. Hodge was released from prison in August 2024 and began his term of

supervised release, which is scheduled to end in August 2029.  (ECF No. 81 at 1).  For the past

two years of supervised release, he has not had any violation and has complied with the conditions

of his supervised release.  (ECF No. 80 at 1).  On March 16, 2026, he moved *pro se* for early

1

termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). (*Id.*). He argues that early termination is appropriate in light of his model behavior—both while incarcerated and for the past two years on supervised release—his completion of the Residential Drug Abuse Program as recommended by the Court, and the non-opposition of his probation officer. (*Id.* at 1–3). Mr. Hodge suffers from end-stage kidney disease, necessitating in-home dialysis treatment most days of the week. (*Id.*). He credits this disease with instilling him with discipline and responsibility, and "chang[ing] [his] perspective on life." (*Id.* at 4).

On April 23, 2026, the Government indicated that even though it normally "would want a defendant to have completed a greater portion of their term before seeking termination," it was not opposed to Mr. Hodge's Motion in light of his health issues and his "excellent record within the [Bureau of Prisons]." (ECF No. 81 at 1–2). In fact, the Government "urges this Court to grant the requested relief." (*Id.* at 2).

## II.    STANDARD OF REVIEW

A court may "order early termination of the period of supervised release" when the defendant "has served one full year of supervised release." *United States v. Green*, 2009 WL 1606603, at *1 (S.D. Ohio June 5, 2009) (Marbley, J.) (citing 18 U.S.C. § 3583(e)(1)). Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct *and* is in the interest of justice. *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025). Courts must consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other

2

corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim. 18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

### III.    LAW & ANALYSIS

After carefully considering the statutory requirements, the Court determines that the first four factors are the most relevant to consider in this case. First, although Mr. Hodge's offense is serious, he, his probation officer, and the Government all agree that he had an excellent record while imprisoned and while on supervised release. (ECF Nos. 81 at 1–2; 80 at 2). This factor is neutral. *United States v. Houle*, 2026 WL 292222, at *1 (S.D. Ohio Feb. 4, 2026) (Marbley, J.) (fentanyl offense neutral where defendant's other history and characteristics showed that the defendant has been a law-abiding member of society on supervised release). Second, Mr. Hodge has now served his term of imprisonment, along with just under half of his term of supervised release. The Court finds that his punishment has served the purpose of adequate deterrence. This factor weighs slightly in favor of early termination. *Cf. id.* Third, the Court is satisfied that the public has been adequately protected from Mr. Hodge, in light of the apparent satisfaction shared by both the Government and the probation officer that Mr. Hodge has "successful efforts at rehabilitation while incarcerated as well as his now positive time on Supervised Release." (ECF No. 81 at 1). This factor also weighs in favor of early termination. *Houle*, 2026 WL 292222, at *1. Fourth, the Court determines that the need to provide Mr. Hodge with medical care is a consideration, given his "serious health issues." (*Id.* at 1–2). Although it appears that Mr. Hodge is currently receiving the treatment he needs under his supervised release, (*see* ECF No. 80 at 4), the Court recognizes that the additional demands on Mr. Hodge of supervised release could

3

conceivably impact his medical treatment.  Given that the Government urges that the Court grant early termination in light of this factor, the Court finds that it also weighs in favor of early termination.

The parties do not address the sentencing range, sentencing disparities, or policy statements of the Sentencing Commission, and the Court finds that these factors are inapplicable.  And because no victim is identified as needing restitution, (ECF No. 42 at 6), that factor is also essentially irrelevant.  *United States v. Emmert*, 2025 WL 3165226, at *2 n.2 (S.D. Ohio Nov. 13, 2025) (Marbley, J.).  In sum, the first four factors, which are the applicable ones, are all either neutral or weigh in favor of early termination.

Last, in evaluating Mr. Hodge's conduct and the interests of justice, the Court concludes that both favor early termination of supervised release.  The record indicates that Mr. Hodge was a model prisoner and has been fully compliant while on supervised release.  (ECF No. 81 at 1).  He also is managing end-stage kidney disease.  (*Id.*; ECF No. 80 at 1).  Taken together, these considerations also favor early termination of supervised release.  The Court concludes that Mr. Hodge has the capability to be "successful without supervision."  *United States v. Baskette*, 2022 WL 1698927, at *2 (W.D. Ky. May 26, 2022).  He has been a model inmate for his term of imprisonment, he has complied with the terms of his supervised release, and now he must manage a serious medical condition.  *See United States v. Holmes*, 2025 WL 2589569, at *2 (E.D. Mich. Aug. 14, 2025) (granting early termination where defendant "exhibited commendable compliance with his supervision terms," remained crime-free, and was the primary caregiver for elderly parent).

### IV.    CONCLUSION

This Court commends Mr. Hodge for the progress he has made and wishes him well.  For these reasons and for good cause shown, his motion for early termination of supervised release is **GRANTED**.  The United States Probation Office for the Southern District of Ohio is **ORDERED** to **TERMINATE** the supervised release of Kirtley L. Hodge.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 11, 2026**

5